Opinion by OLIVER, P. J. It was stipulated that the merchandise consists of glass the same in all material respects as that the subject of Abstract 45423. The protest was sustained in accordance therewith.

**No. 47099.**—Protest 34116–K of F. W. Woolworth Co. (New York).

Opinion by OLIVER, P. J. Numerous witnesses were called in this case on behalf of the plaintiff. It appeared from the testimony that the articles are used by adults and consist of the ordinary snake blowout, airplanes, ferris wheels, squirrel in cage, etc.; that they are used at New Year's and other parties and given as favors; and that they are usually sold as single items at retail. No evidence was introduced by the Government. It was agreed between counsel that the exhibits in question are composed of a base metal, not plated with platinum, gold, or silver, or colored with gold lacquer. Following *Marshall Field* v. *United States* (20 C. C. P. A. 225, T. D. 46037) and *United States* v. *Calhoun* (21 id. 167, T. D. 46495) the articles in question were held not to be toys. The claim that they are dutiable as manufactures of metal, not specially provided for, at 45 percent under paragraph 397 was therefore sustained.

BEFORE THE SECOND DIVISION, APRIL 20, 1942

**No. 47100.**—Protests 14911–K, etc., of Morris Shoenthal, Inc. (New York).

Opinion by TILSON, J. It was agreed between counsel that certain items in question consist of hemp knotted straw hats, not blocked or trimmed, and not bleached, dyed, colored, or stained. In accordance therewith the claim that they are dutiable at only 25 percent ad valorem under paragraph 1504 (b) (1) was sustained.

**No. 47101.**—Protests 38519–K, etc., of F. Blumenthal & Co. (New York).

Opinion by TILSON, J. It was agreed between counsel that certain items in question consist of hemp knotted straw hats, not blocked or trimmed, and not bleached, dyed, colored, or stained. In accordance therewith the claim that they are dutiable at only 25 percent ad valorem under paragraph 1504 (b) (1) was sustained.

BEFORE THE THIRD DIVISION, APRIL 20, 1942

**No. 47102.**—Protest 65797–K of Allen Forwarding Co. (Philadelphia).

Opinion by KEEFE, J. It was stipulated that certain of the merchandise in question consists of sillimanite similar in all material respects to that the subject of Abstract 46420. In accordance therewith the claim for free entry under paragraph 1719 was sustained.

**No. 47103.**—Protest 961368–G of Atlas Marine Supply Co. (Los Angeles).

Opinion by Keefe, J. At the trial it was stipulated that the merchandise in question consists of cylindrical and tubular tanks or vessels and that they are the same in all material respects as those passed upon in *Atlas Marine Supply Co.* v. *United States* (29 C. C. P. A. 20, C. A. D. 165). In accordance therewith the drums in question were held entitled to free entry under section 309(a), Tariff Act of 1930, as amended by section 5(a), Customs Administrative Act of 1938, as claimed.

**No. 47104.**—Protest 956449–G of W. B. Dick & Co., Ltd. (Los Angeles).

Opinion by Keefe, J. At the trial it was stipulated that the merchandise in question consists of cylindrical and tubular tanks or vessels and that they are the same in all material respects as those passed upon in *Atlas Marine Supply Co.* v. *United States* (29 C. C. P. A. 20, C. A. D. 165). In accordance therewith the drums in question were held entitled to free entry under section 309(a), Tariff Act of 1930, as amended by section 5(a), Customs Administrative Act of 1938, as claimed.

**No. 47105.**—Protest 955280–G of Atlas Marine Supply Co. (Los Angeles).

Opinion by Keefe, J. At the trial it was stipulated that the merchandise in question consists of cylindrical and tubular tanks or vessels and that they are the same in all material respects as those passed upon in *Atlas Marine Supply Co.* v. *United States* (29 C. C. P. A. 20, C. A. D. 165). In accordance therewith the drums in question were held entitled to free entry under section 309 (a), Tariff Act of 1930, as amended by section 5 (a), Customs Administrative Act of 1938, as claimed.

**No. 47106.**—Protest 78761–K of Harbor Ship Supply Co. (Los Angeles).

Opinion by Keefe, J. At the trial it was stipulated that the merchandise in question consists of cylindrical and tubular tanks or vessels and that they are the same in all material respects as those passed upon in *Atlas Marine Supply Co.* v. *United States* (29 C. C. P. A. 20, C. A. D. 165). In accordance therewith the drums in question were held entitled to free entry under section 309 (a), Tariff Act of 1930, as amended by section 5 (a), Customs Administrative Act of 1938, as claimed.

**No. 47107.**—Protest 68951–K of Harbor Ship Supply Co. (Los Angeles).

Opinion by Keefe, J. At the trial it was stipulated that the merchandise in question consists of cylindrical and tubular tanks or vessels and that they are the same in all material respects as those passed upon in *Atlas Marine Supply*